UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BAMB AWNS, *et al.*, <br><br> Defendants. | Case No. C22-402-MLP <br><br> ORDER |

This matter is before the Court on Plaintiffs' Amazon.com Inc., Amazon.com Services, (together, "Amazon") and PN Medical Inc. (collectively, "Plaintiffs") *Ex Parte* Motion for Alternative Service ("Plaintiffs' Motion"). (Pls.' Mot. (dkt. # 19).) Having considered Plaintiffs' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Motion (dkt. # 19).

**I.   BACKGROUND**

Plaintiffs filed their original complaint against "[i]ndividuals and entities doing business as" eight Amazon Selling Accounts that allegedly advertised and sold counterfeit versions of Plaintiff PN Medical, Inc.'s products: Louetta Cifaldi LLC, Sixth6Home, Roystal Inc., Bamb Awns, Otary Servi, Philp Allar, Trbo Stment, and Erdez LLC. (Dkt. # 1.) Plaintiffs have now

ORDER - 1

filed an amended complaint, naming as defendants three individuals, Yuzhen Li, Xiaoxin Chen, and Ana Borges, (collectively, "Defendants") whom Plaintiffs allege are responsible for the eight Selling Accounts. (Am. Compl. (dkt. # 17).) Plaintiffs allege that the three Defendants "operated in concert with one another in their counterfeiting activities[.]" (*Id.* at ¶ 56.)

The Louetta Cifaldi LLC Selling Account was opened using an email address, sharonihammond@hotmail.com, and a bank account to receive disbursements from sales. (Haskel Decl. (dkt. # 21) at ¶¶ 4, 6.) Third-party discovery revealed that the bank account disbursed funds to a Payoneer Inc. account belonging to Defendant Xiaoxin Chen. (Rainwater Decl. (dkt. # 20) at ¶ 9.) Similarly, the Sixth6Home Selling Account, opened with email address analuisaoliveiraborges@gmail.com, was traced to Defendant Ana Borges. (Haskel Decl. at ¶¶ 4, 6; Rainwater Decl. at ¶ 9.) And Defendant Yuzhen Li was connected to five Selling Accounts: Roystal Inc., Bamb Awns, Otary Servi, Philp Allar, and Trbo Stment. (Rainwater Decl. at ¶ 9; Haskel Decl. at ¶ 6.) One of these, Roystal Inc., was opened with email address mominmarquetta@gmail.com. (Haskel Decl. at ¶ 4.) Plaintiffs contend the three Defendants exercised "joint control over" the Erdez LLC Selling Account, because "the very same IP networks—and in many instances the same IP addresses" were used to access the Erdez LLC account as well as the Louetta Cifaldi LLC account controlled by Defendant Xiaoxin Chen, the Sixth6Home account controlled by Defendant Ana Borges, and the Bamb Awns, Philp Allar, and Trbo Stment accounts controlled by Defendant Yuzhen Li. (Rainwater Decl. at ¶ 11.)

Plaintiffs utilized third-party discovery from Payoneer Inc. to determine that: "(1) each IP address from which Xiaoxin Chen accessed their Payoneer account was located in China or Singapore, (2) each IP address from which Yuzhen Li accessed their Payoneer account was

ORDER - 2

located in China; and (3) most IP addresses from which Ana Borges accessed their Payoneer account were located in Brazil." (Rainwater Decl. at ¶ 10.)

Plaintiffs now move for an order authorizing Plaintiffs to complete service of process by email to the three email addresses identified above. (Pls.' Mot. at 2.) Plaintiffs sent emails to the addresses on March 23, 2023, and "did not receive any error notices, bounce back messages, or other indications that emails failed to deliver[.]"[1] (Rainwater Decl. at ¶ 13.) Plaintiffs propose to "serve Defendants using an online service for service of process, RPost (www.rpost.com) that provides proof of authorship, content, delivery, and receipt[.]" (*Id.* at ¶ 14.)

## II. DISCUSSION

Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign countries by: (1) internationally agreed methods such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). To obtain a court order under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

In addition to the requirements of Rule 4(f), "a method of service of process must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

---

[1] Error notices were apparently received for the email addresses associated with the other five Selling Accounts, however. (*See* Pls.' Mot. at 6 n.4.)

ORDER - 3

them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

A.   Rule 4(f)

Plaintiffs request court intervention because they have been unable to "locate valid physical addresses for service associated with any Defendant." (Pls.' Mot. at 6.) Based on their investigation, Plaintiffs conclude Defendants are located in China and Brazil. China has been a party to the Hague Convention since 1992, as has Brazil since 2019. *See* Contracting Parties, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited April 7, 2023).

The Hague Convention expressly "shall not apply where the address of the person to be served with the document is not known." Hague Convention, T.I.A.S. No. 6638 (Feb. 10, 1969). Plaintiffs here have been unable to locate physical addresses for Defendants, and thus, could not utilize methods authorized by the Hague Convention. (Rainwater Decl. at ¶¶ 6, 7, 12.) Moreover, because the Convention does not apply, it does not bar service by email.

Whether or not the Hague Convention applies, this Court and others have concluded that email service on individuals located in China and Brazil is not prohibited by it or any other international agreement. *See Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (email service in China "not expressly prohibited by international agreement"); *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 810250, at *4 (D. Ariz. Mar. 3, 2011) (in case prior to Brazil becoming party to Hague Convention, no other international agreement prohibited service via email in Brazil); *Equipav S.A. Pavimentacao, Engenharia e Comercia Ltda. v. Bertin*, 2022 WL 2758417, at *3 (S.D.N.Y. July 14, 2022) ("the Hague Convention does not bar . . . service via . . . email" to Brazil).

ORDER - 4

The Court concludes that service by email is not prohibited by international agreement. Plaintiffs have shown that an order permitting service by email would comport with Rule 4(f).

**B.     Due Process**

The Court next considers whether service of process on Defendants using the currently functional email addresses associated with their Selling Accounts comports with constitutional due process—that is, whether this method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Plaintiffs contend service by email comports with due process because Defendants "have made email their preferred means of contact," as in *Rio*. (Pls.' Mot. at 8.) In *Rio*, the Ninth Circuit concluded ordering service by email was within the district court's discretion where the defendant had "structured its business such that it could be contacted *only* via its email address" and "designated its email address as its preferred contact information." 284 F.3d at 1018.

The situation is somewhat less clear here, however, as Defendants no longer conduct business through their Amazon Selling Accounts. (*See* Am. Compl. at ¶ 60 ("Amazon . . . blocked Defendants' Selling Accounts.").) It is unclear when Amazon blocked the Selling Accounts and whether Defendants were notified. Some of the email addresses associated with the Selling Accounts have become unable to receive messages. (*See* Pls.' Mot. at 6 n.4.) Nevertheless, Plaintiffs have verified that the three email addresses they propose effecting service through remain active. This provides some evidence that Defendants are still using those addresses.

In a similar situation in *Bright Solutions for Dyslexia*, the court granted alternative service by email. The plaintiffs obtained email addresses associated with eBay online seller

accounts that defendants had used to sell allegedly counterfeit products. *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *3 (N.D. Cal. Dec. 20, 2017), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018). "No errors were received" when plaintiffs sent test emails to two of the addresses. *Id*. The court granted plaintiffs' motion for alternative service by email, and granted default judgment after defendants failed to respond even though "the emails had been successfully delivered with no errors." *Id.* at *4. The court concluded "email service was proper because Defendants structured their counterfeit business such that they could only be contacted by email" and, when served by email, "[t]hese emails did not bounce back." *Id.* at *7.

In contrast, in *Amazon.com Inc. v. KexleWaterFilters*, this Court denied alternative service by email because plaintiffs had not shown sufficient "indicia that the defendants would in fact receive notice of the lawsuit if the plaintiffs served them by email." *Amazon.com, Inc. v. KexleWaterFilters*, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023). The approach in *Bright Solutions for Dyslexia* was endorsed by this Court in that case, but in *KexleWaterFilters*, the plaintiffs had "not demonstrated that the email addresses associated with Defendants' Selling Accounts are still valid[.]" *Id*. Plaintiffs were permitted to "renew their motion with evidence of recent communications to Defendants that demonstrates that service by email is a reliable method to provide Defendants with notice of the pendency of this action." *Id*.

Here, as in *Bright Solutions for Dyslexia*, Plaintiffs have identified email addresses that Defendants used in their online businesses, and verified that those email addresses remain active. Together, these circumstances provide sufficient indicia that Defendants are likely to receive notice if served by email. The Court concludes service on those email addresses is reasonably

ORDER - 6

calculated to apprise Defendants of this action and provide them an opportunity to respond, and thus satisfies due process concerns.

### III.     CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion (dkt. # 19). Plaintiffs are authorized to serve the following Defendants via the email addresses listed below:

    (a)    Defendant Xiaoxin Chen: sharonihammond@hotmail.com;

    (b)    Defendant Ana Borges: analuisaoliveiraborges@gmail.com;

    (c)    Defendant Yuzhen Li: mominmarquetta@gmail.com.

Plaintiffs are ORDERED to complete service and file proof of service by **April 21, 2023**.

Dated this 7th day of April, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge